ALAN BECK
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email: alan.alexander.beck@gmail.com

Attorney for Plaintiff Lycurgan Inc.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTHERN CALIFORNIA

| Lycurgan Inc. DBA Ares Armor, | ) '14CV0548 JLS BGS |
|---|---|
| Plaintiff, | ) CASE NO. |
| vs. | ) COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, DECLARATORY AND INJUNCTIVE RELIEF |
| B. Todd Jones in his Official Capacity As Head of The BATFE.; | ) |
| Defendant. | ) |

## COMPLAINT

COME NOW the Plaintiff, ARES ARMOR, on behalf of their customers, by and through their undersigned counsel, and complain against Defendants B. Todd Jones in his Official Capacity As Head of the San Diego Branch of the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE); and JOHN DOE 1-10 as follows:

ARES ARMOR PI - 1

# INTRODUCTION

1. The *Gun Control Act of 1968* was enacted to reduce crime, not place an undue burden on legal firearms owners from legal enjoyment of firearms. See GCA68, 90-618 sec. 101.

2. The GCA regulates "firearms". Id. The term **"firearm"** means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. See GCA68, 90-618, Ch. 44, Sec. 921(3).

3. An 80% receiver is a piece of material that resembles a receiver/frame of a firearm but that is not complete and requires finish work to be considered a lawful firearm.

4. 80% receivers/frames account for a vast amount of the firearms industry's sales and revenue. The most commonly sold 80% receiver is that for the AR-15 rifle.

ARES ARMOR PI - 2

5.  Ares Armor is a dealer of firearms parts and accessories including 80% receivers, which do not require a federal firearms license and are **not** regulated under the GCA.

6.  On or about March 10, 2014 Ares Armor discovered that EP Armory, a manufacturer of polymer AR-15 80% receivers, had it's facilities raided by the BATFE under the guise that EP Armory was unlawfully manufacturing firearms based on EP Armory's manufacturing of 80% polymer lower receivers.  Shortly thereafter, Ares Armor attorney (Jason Davis) alerted Ares Armor that its facilities were to be raided for the sole reason that Ares Armor is a customer of EP Armory. This is despite the fact that Mr. Davis sent a letter the BATFE explaining that the BATFE's interpretation of the EP Armory manufacturing process to be incorrect.

7.  Mr. Davis informed the CEO of Ares Armor, Dimitrios Karris that Ares Armor would be spared from having its facilities raided and criminal charges brought against its staff, if and only if, Ares Armor turn over all its inventory of EP Armory's products and the Ares Armor customer list with detailed information of all Ares Armor customers.

8.  This recent attempt is the second attempt by the BATFE to attain the Ares Armor Customer list.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

10. This Court has personal jurisdiction over the BATFE as it is a government agency.

11. This Court also has personal jurisdiction over each of the Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of Oceanside and/or within the geographic confines of the Oceanside.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiff, **Lycurgan Inc. DBA Ares Armor**, is a business in Oceanside, California that primarily deals in gun parts, holsters, cases, apparel, and backpacks and a product referred to as a "80% lower (receiver)". These are semi formed pieces of metal or plastic that are shaped into the rough form of a lower receiver. These receivers require a special kit mounted in a drill press to finish the product or building the gun. The time required to complete the project ranges from 3 to 5 hours, the remaining 20%. *Exhibits 9 &10: Store Products*

14. Defendants John Doe 1-10 are sued in both their personal and official capacity as administrators of the Gun Control Act of 1968. John Doe 1-10 are

ARES ARMOR PI - 4

responsible for executing, maintaining and administering the guidelines established in the Gun Control Act of 1968 and may be participants in the unconstitutional acts and practices discussed within this complaint.

15. Defendants John Doe 1-10, because of their enforcement actions, are accordingly liable to Plaintiffs for damages and other relief as set forth in this Complaint.

16. Plaintiffs have reviewed all documents available to them and have made a diligent and good faith effort to ascertain said persons' full names and identities; however, Plaintiff has been unable to ascertain the identities of said Defendants. The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified.

17. Plaintiffs reserve the right to amend this Complaint to add such parties as his true identities and capacities are ascertained through discovery or otherwise.

18. Defendant B. Todd Jones is the director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE) a federal agency established in 1972 and who enforces federal laws pertaining the regulation of firearms.

19. Employees of the BATFE have attempted to extort Ares Armor out of its customer list and over $300,000 in lawfully obtained merchandise under threat of having its facilities raided and employees prosecuted criminally on their claim that

ARES ARMOR PI - 5

Ares Armor has been selling the EP Armory product which the BATFE recently deemed to be a firearm based on a faulty interpretation of how the product is manufactured.

### EP Armory's Polymer 80% Lower Receiver is Not a Firearm

19. The BATFE has consistently determined that the machining operations that cannot be performed in order to not be considered a firearm are as follows:

    1. Milling out of fire-control cavity. (See Exhibit 3)
    2. Selector-lever hole drilled. (See Exhibit 7)
    3. Cutting of trigger slot. (See Exhibit 4)
    4. Drilling of trigger pin hole. (See Exhibit 6)
    5. Drilling of hammer pin hole. (See Exhibit 5)

(See Exhibit 1 and Exhibit 2 for BATFE letters regarding 80% Receivers)

20. Additionally, the BATFE has consistently determined that operations interpreted to allowed such that the receiver is *not* considered to be a firearm are as follows:

    1. Front and rear assembly/pivot pin holes drilled. ☐
    2. Front and rear assembly/pivot-detent pin holes drilled. ☐
    3. Magazine-release and catch slots cut. ☐
    4. Rear of receiver drilled and threaded to accept buffer tube.
    5. Buffer-retainer hole drilled. ☐
    6. Pistol-grip mounting area faced off and threaded. ☐
    7. Magazine well completed. ☐
    8. Trigger guard machined. ☐
    9. Receiver end-plate area machined.
    10. Pistol-grip mounting area threaded.
    11. Selector-lever detent hole drilled.

(See Exhibit 1 and Exhibit 2)

ARES ARMOR PI - 6

20. The EP Armory Polymer 80% lower receiver(s) conform to **all** the BATFE's parameters for a product that does not constitute a firearm under the GCA68 and **does not** have any of the illicit features which the BATFE would consider to push the receiver into a category that would classify it as a firearm.

21. (See Exhibits 3-8 **PHOTOS**)

### The BATFE's recent attempts to classify the EP Armory 80% lower receiver as a firearm is an attack on lawful sales of a product which is not a firearm.

22. The BATFE is attempting to acquire the Ares Armor customer list under the guise that one of the products sold is an unlawful firearm. The BATFE's explanation for requiring the email list is to ensure that no persons prohibited from firearms ownership have purchased the EP Armory Polymer 80% lower receivers. If the BATFE truly believes that the EP Armory 80% lower receiver is an unlawful firearm, why then are they only concerned with prohibited persons? One of the core objectives of the BATFE is to ensure that no illegal firearms are circulated in commerce. Thus, the BATFE should be concerned will all EP Armory products

ARES ARMOR PI - 7

sold if they truly believe it to be an illegally manufactured firearm. Since this is not the case it appears that the BATFE is seeking to acquire the Ares Armor customer list for some other non-disclosed reason which appears to be nefarious in nature.

23. Ares Armor specifically states on the Aresarmor.com website that if the company discovers a customer is prohibited from firearms ownership that they will be reported to the authorities. Additionally, parties purchasing 80% products from the aresarmor.com website must check a box that they are not prohibited from owning firearms. Ares Armor does not seek to promote individuals prohibited from firearms ownership attaining firearms. Thus, the BATFE has no reason to believe that Ares Armor has any people prohibited from owning guns on its list.

# FIRST CAUSE OF ACTION

## Violation of Fourth Amendment

24. Paragraphs 1 through 23 are incorporated as though fully stated herein.

25. "[T]he basic purpose of th[e Fourth] Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Mun. Court*, 387 U.S. 523, 528 (1967).

ARES ARMOR PI - 8

26. Ares Armor has a protected privacy right in its customer list.

27. Ares Armor has a protected right to be free from seizure of its inventory and customer list.

21. Defendant's actions in enforcing the Code against Ares Armor is a violation of the Fourth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

22. The actions described herein amount to a clear and present danger to civil liberties. The actions complained herein infringe upon the civil rights guaranteed by the Fourth Amendment to the United States Constitution and must be found unconstitutional and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

### Second Cause of Action

23. **Ares Armor Sues on Behalf of Its Customers**

24. **Ares Armors Customers have a reasonable expectation of privacy in purchasing goods without government gaining their private information.**

25. **Accordingly, BATFE's planned action violates the rights of Ares Armor's Customers.**

ARES ARMOR PI - 9

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. That a jury be empaneled to decide contested factual issues in this matter.

2. Declaratory judgment that the EP Armory 80% lower receiver is not a firearm.

3. A temporary restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from seizing the Ares Armor EP Armory Inventory and customer list.

4. Preliminary and/or permanent injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from seizing the Ares Armor EP Armory Inventory and customer list.

5. Such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

6. Attorney's fees, statutory fees and costs pursuant to 42 U.S.C. § 1988.

ARES ARMOR PI - 10

Dated: March 11th, 2014 Respectfully Submitted,
By: /s/ Alan Beck
ALAN BECK Esq.
4780 Governor Drive
San Diego, California 92122
(619)971-0414

ARES ARMOR PI - 11

CERTIFICATE OF SERVICE On this, the 11th day of March, 2014, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct.

s/ Alan Beck
Alan Beck