LAURA E DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. dba ARES ARMOR,<br><br>Plaintiff<br><br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br><br>Defendants. | Case No.: 14CV548 JLS (BGS)<br><br>EX PARTE APPLICATION FOR ORDER (1)) EXTENDING INJUNCTION TO PREVENT DIVESTMENT OF SUBJECT MATTER OF TEMPORARY RESTRAINING ORDER, AND (2) CLARIFYING THAT TEMPORARY RESTRAINING ORDER DOES NOT RESTRAIN LAWFUL CRIMINAL PROCEEDINGS |

    The Bureau of Alcohol, Tobacco and Firearms (ATF) is conducting a lawful criminal investigation of the illegal manufacture, distribution, sale, and possession of AR-15 variant lower receivers, which are considered firearms under the Firearms Control Act, 18 U.S.C. 921(a)(3).

    An AR-15 is the semi-automatic, civilian version of the .223 caliber M-16 machine gun used by the United States Military.  The receiver is the only part of the weapon that is considered a firearm; therefore, it is the part of the weapon that must bear a manufacturer's mark and a serial number. (All other parts of the firearm are

considered parts, not firearms.)  But the lower receivers at issue in ATF's investigation do not bear either a manufacturer's mark or serial number.

Dealing in firearms without a license is illegal under 18 U.S.C. § 922(a)(1)(A). Dealers of firearms are required to conduct a background check prior to transfer under 18 U.S.C. § 922(t)(1).  And, because these firearms were manufactured for sale, they are required to have a manufacturer's marking and a serial number.  Otherwise, there is no way to track them if they are involved in a crime.  18 U.S.C. § 923(i).

Plaintiff Lycurgan Inc, dba Ares Armor ("Ares Armor") is part of ATF's investigation because it is in possession of approximately 6,000 of these unserialized AR-15 lower receivers.  Further, Ares Armor is not a federal firearms licensee, so it cannot legally engage in the business of dealing firearms, let alone ones that do not bear the required manufacturer's mark and serial number.

On March 10, 2014, ATF Division Counsel contacted an attorney representing Ares Armor about the AR-15 lower receivers and Ares Armor agreed to voluntary surrender them.  See Declaration of Paul Ware.  This was in lieu of obtaining a search warrant for these items pursuant to Fed. R. Crim. P. 41.  Id.  Ares Armor's attorney agreed that it would turn over the firearms on March 12, 2014.  Id. This agreement was confirmed at 5:00 p.m. on March 11, 2014.  Id.

But, while representing to ATF that an agreement was in place for the voluntary surrender of the firearms, Ares Armor was simultaneously preparing a lawsuit and applying for a temporary restraining order preventing ATF from taking possession of this contraband.  Indeed, Ares Armor's CEO freely admits to this ruse.  See Declaration of Dimitrios Karras (ECF #1-2 at 2, par.  9(b) ("I agreed to their terms in order to delay an impending and unjust raid against Ares Armor long enough to obtain legal protection under the law.").  When an ATF agent appeared to take possession of the illegal firearms as agreed on March 12, 2014, the ATF agent was presented with a copy of the Temporary Restraining Order issued by the Court on March 11, 2014.[i]

The illegal firearms thus remain in possession of Ares Armor. And while this Court's order prevent ATF from taking "any steps" to deprive Ares Armor of this contraband, the order does not reciprocally prohibit Ares Armor from destroying, transferring, selling, or otherwise divesting itself of this evidence and contraband, and, further, allows Ares Armor to remain in possession of this contraband.

The United States therefore moves this Court for an order (1) prohibiting Ares Armor from divesting itself of the subject matter of the Court's temporary restraining order, and (2) clarifying that the temporary restraining order does not enjoin lawful criminal proceedings, including the seizure of this evidence and contraband pursuant to a lawfully executed search warrant issued by a sworn United States Magistrate Judge pursuant to Fed. R. Crim. P. 41.

The issuance of a warrant eliminates any arguable Fourth Amendment objection to ATF taking possession of the contraband. Compare Plaintiff's Memorandum in Support of Tempoary (sic) Injunction at 4 (arguing that ATF's planned seizure would violate the Fourth Amendment), with Marks v. Clarke, 102 F.3d 1012, 1030 (9th Cir. 1996) (obtaining particularized search warrant satisfies Fourth Amendment). And allowing ATF to proceed with its lawful criminal investigation would also avoid having Plaintiff wrongfully use a civil proceeding to enjoin a criminal proceeding. See Younger v. Harris, 401 U.S. 37, 45 (1971) (only when the moving party demonstrates equitable relief is "absolutely necessary for [the] protection of constitutional rights," and only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate," may a court civilly enjoin a criminal prosecution.); Henkel v. Bradshaw, 483 F.2d 1386, 1388 (9th Cir. 1973) (same). See also Stefanelli v. Minard, 342 U.S. 117, 120 (1951) ("the maxim that equity will not

enjoin a criminal prosecution summarizes centuries of weighty experience in Anglo-American law.").

DATED:  March 14, 2014  Respectfully submitted,

LAURA E. DUFFY
United States Attorney

 s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant

---

[i]  ATF received no notice of either the complaint or the application for a temporary restraining order.  Although plaintiff's counsel attached a "Certificate of Service" to the complaint representing that the mere filing of the complaint generated a "Notice of Filing and effects service upon counsel for all parties in the case," see Complaint (ECF #1) at 12, no such counsel are exist in the ECF system when the complaint is filed.