1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

LYCURGAN INC. dba
ARES ARMOR,

11

12                                           Plaintiff,

vs.

13

14

B. TODD JONES, in his official
capacity as Head of the San Diego
Bureau of Alcohol, Tobacco, Firearms
and Explosives; and DOES 1–10,

15

16

17                                           Defendants.

CASE NO. 14-CV-548 JLS (BGS)

**ORDER GRANTING MOTION
FOR LEAVE TO FILE
SUPPLEMENTAL/AMENDED
COMPLAINT**

(ECF No. 35)

18         Presently before the Court is Plaintiff Lycurgan, Inc., d/b/a Ares Armor's

19 ("Plaintiff") Motion for Leave to File Supplemental/Amended Complaint Pursuant to

20 Federal Rules of Civil Procedure Section 15(d) ("Motion"). (ECF No. 35.) Also before

21 the Court is Defendants' Opposition to (ECF No. 36) and Plaintiff's Reply in Support

22 of (ECF No. 37) the Motion. The hearing set for the Motion on December 12, 2014 was

23 vacated, and the matter taken under submission on the papers without oral argument

24 pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 40.) Having considered the parties'

25 arguments and the law, the Court **GRANTS** Plaintiff's Motion.

26                                 **BACKGROUND**

27         On March 11, 2014, Plaintiff filed the initial complaint in this matter seeking a

28 declaratory judgment that its "EP Arms unfinished lower receiver is not a firearm," a

1  temporary restraining order ("TRO"), and injunctive relief forbidding the Bureau of
2  Alcohol, Tobacco, Firearms and Explosives ("ATF") from seizing Plaintiff's
3  unfinished lower receivers and customer list. (Motion 5[1], ECF No. 35-1.) The same
4  day, the Court granted Plaintiff's request for a TRO. (*Id.*) On March 14, 2014, the
5  Court ruled on Defendants' ex parte application challenging the TRO and stated that
6  the TRO does not enjoin Defendants from lawfully seizing evidence and contraband
7  pursuant to a valid search warrant. (Order, ECF No. 6.)

8        On or about March 14, 2014, an ATF agent submitted an affidavit to Magistrate
9  Judge Skomal to apply for a search warrant and, subsequently, Judge Skomal issued
10  the warrant. (Motion 6, ECF No. 35-1.) On March 15, 2015, ATF agents seized
11  property from four of Plaintiff's facilities. (*Id.*) Plaintiff states that the ATF agents
12  seized 5,804 unfinished polymer parts, which are not contraband. (*Id.*) Defendants, on
13  the other hand, believe that these unfinished polymer parts are contraband because the
14  ATF has opined that these parts are firearms yet they do not contain the requisite
15  manufacturer's mark or serial number. (Resp. in Opp'n 2-3, ECF No. 36.)

16        On September 5, 2014, the Court granted Plaintiff's Motion for Extension of
17  Time to Seek Leave to File Amended Complaint and instructed Plaintiff to file a
18  motion seeking leave to amend on or before September 18, 2014. (ECF No. 31.) On
19  September 18, 2014, Plaintiff filed such motion but the Court struck the document for
20  failure to comply with the local rules. (ECF No. 32.) On September 22, 2014, Plaintiff
21  filed the instant Motion. (ECF No. 35.)

22                                      **LEGAL STANDARD**

23        Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his
24  complaint once as a matter of course within specified time limits. Fed. R. Civ. P.
25  15(a)(1). "In all other cases, a party may amend its pleading only with the opposing
26  party's written consent or the court's leave. The court should freely give leave when
27  justice so requires." Fed. R. Civ. P. 15 (a)(2).

28

---

[1] For ease of reference, all page numbers cited to are the CM/ECF numbers at the top
of the page.

1    While courts exercise broad discretion in deciding whether to allow amendment,
2    they have generally adopted a liberal policy. *See U.S. for Benefit & Use of Ehmcke*
3    *Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing
4    *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459
5    U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors
6    concerns "such as undue delay, bad faith or dilatory motive on the part of the movant,
7    repeated failure to cure deficiencies by amendments previously allowed, undue
8    prejudice to the opposing party by virtue of allowance of the amendment, futility of the
9    amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

10   **ANALYSIS**

11   Plaintiff seeks to amend its initial complaint to account for new claims and
12   damages that occurred as a result of Defendants' search of its facilities and seizure of
13   its property. (Motion  7, ECF No. 35-1.) Plaintiff's proposed amended complaint
14   includes the following: (1) a claim against Todd Jones for prior restraint of speech in
15   violation of the First Amendment; (2) a claim against Earl Griffith (the ATF employee
16   who opined that the lower receivers are firearms) for prior restraint of speech in
17   violation of the First Amendment; (3) a claim against Unknown ATF Agent for
18   retaliation for exercise of right to petition in violation of the First Amendment; (4) a
19   claim against Todd Jones for violation of the Second Amendment; (5) a claim against
20   Unknown ATF Agent, Earl Griffith, and others for violation of the Fourth Amendment;
21   (6) a claim against other Unknown ATF Agents for violation of the Fourth
22   Amendment; (7) a claim against Unknown ATF Agent for improper taking in violation
23   of the Fifth Amendment; (8) a claim against Todd Jones for violating Plaintiff's right
24   to procedural due process in violation of the Fifth Amendment; and  (9) a claim for
25   declaratory relief that the lower receivers are not firearms. (Proposed First Amended
26   Complaint, ECF No. 35-4.)

27   Defendants oppose Plaintiff's Motion on the ground that the amended complaint
28   is subject to dismissal on two grounds—sovereign immunity and improper venue.

(Resp. in Opp'n 6, ECF No. 36.) Defendants argue that leave to amend need not be granted if the proposed amended complaint is subject to dismissal. (*Id.* (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint as amended, is subject to dismissal")).) Defendants are, effectively, claiming that amendment is futile because the amended complaint will be subject to dismissal.

In response to Defendants argument, Plaintiff replies that sovereign immunity does not apply to claims brought under 5 U.S.C. § 702, the Administrative Procedure Act, and that its constitutional claims against the ATF are such claims. Plaintiff also contends that the Southern District of California is the appropriate venue in which to litigate these claims because the alleged harm occurred in this district.

Allowing Plaintiff to amend its complaint will not cause undue delay or undue prejudice to Defendants. Defendants only contend that the amended complaint is subject to dismissal on two grounds; however, such arguments may be addressed at a later stage.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to File Supplemental/Amended Complaint. Plaintiff's First Amended Complaint ("FAC"), attached as Exhibit 4 to the instant Motion, shall be deemed filed as of the date on which this Order is electronically docketed. The deadline by which Defendants must respond to the FAC shall be calculated accordingly.

**IT IS SO ORDERED.**

DATED:  December 17, 2014

Honorable Janis L. Sammartino
United States District Judge

- 4 -

14cv548