LAURA E DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

DIANE KELLEHER
LISA A. OLSON
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7300
Washington, D.C. 20530
Tel: (202) 514-5633
Fax: (202) 616-8470
Email: Lisa.Olson@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. dba ARES ARMOR,<br><br>Plaintiff,<br><br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br><br>Defendants. | Case No.: 14CV548 JLS (BGS)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS<br><br>DATE:   March 12, 2015<br>TIME:   1:30 p.m.<br>CTRM:   4A (Schwartz)<br><br>Hon. Janis L. Sammartino |

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, defendant United States hereby moves the Court to stay these proceedings pending a final judicial decision, including any appeal, in a similar case in the Eastern District of California, California Rifle & Pistol Association, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), No. 1:14-cv-01211 (E.D. Cal.) ("CalRifle").  Both cases

assert a challenge to ATF's classification of an item called the EP80[1] as a "receiver," which classification subjects the EP80 to regulation under the Gun Control Act of 1968, 18 U.S.C. § 921 et seq., as amended. CalRifle is at a more advanced stage than the instant litigation (a motion to dismiss, or in the alternative for summary judgment was filed on January 9, 2015), and a decision in that case may inform the Court and affect whether, or the extent to which, plaintiff chooses to pursue this case.[2]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). The present complaint repeats virtually verbatim the allegations in CalRifle in support of the claim that ATF improperly classified the EP80 as a "receiver." Compare First Amended Complaint for Damages' Deprivation of Civil Rights (Bivens Action); Injunctive and Declaratory Relief; Jury Trial Demand ("Complaint") ¶¶ 39-54 with CalRifle Complaint for Declaratory and Injunctive Relief ("CalRifle Complaint") (Exhibit 1) ¶¶ 25-54. A decision in CalRifle could be informative to this Court, and any appeal of that ruling could result in a decision by the Ninth Circuit that could govern this case. A stay will therefore further the orderly course of justice, promote judicial economy, and avoid the waste of judicial and party resources. Cf. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979) ("A trial court may, with propriety, find it is efficient for its own

---

[1] The terms "precursor" and "unfinished lower receiver" that plaintiff uses throughout the Complaint to refer to the EP80 are plaintiff's own terminology and are not recognized in federal law.

[2] It appears that the individual defendants have not been served, and thus they are not properly before the Court at this time. See Omni Capital Int'l, Inc. v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Until such time as plaintiff serves the individual defendants, and counsel is authorized to represent them, the Department of Justice is not appearing on their behalf. As such, this motion to stay does not address any of the claims for relief against the individual defendants, or any of the other claims as they relate to the individual defendants.

docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"); see Munoz v. PHH Corp., No. 1:08-cv-0759, 2011 WL 4048708, *3, 4 (E.D. Cal. Sept. 9, 2011) (staying cases where Supreme Court had granted certiorari on an identical issue and its determination would provide binding authority).

Moreover, a decision in CalRifle could narrow or simplify the issues in the present case.  For example, plaintiff alleges that defendants wrongfully seized plaintiff's EP80s in violation of the Fourth and Fifth Amendments.  See Complaint Fifth, Sixth, and Seventh Claims.  Defendants seized these EP80s because, although ATF had classified them as firearms, they had not been properly marked or handled in accordance with federal firearm restrictions, see, e.g., 18 U.S.C. § 923(a), 27 C.F.R. § 478.41 (licensing); 18 U.S.C. § 923(i), 27 C.F.R. § 478.92 (serialization); 27 C.F.R. Subpart H (recordkeeping); 18 U.S.C. § 922(t) (background checks).  A decision that ATF had properly classified the EP80 could potentially moot these claims.  Cf. Barraza v. Shafter Police Dep't, No. 1:10-cv-01090, 2010 WL 3448369, *2 (E.D. Cal. Sept. 1, 2010) (staying case where state proceeding had the potential to exclude causes of action from federal litigation, thus simplifying it).

The posture of this case also favors granting a stay.  On January 9, 2015, ATF filed a motion which may dispose of CalRifle on the merits.  See CalRifle Defendants' Notice of Motion and Motion to Dismiss, or Alternatively, for Summary Judgment and supporting Memorandum (Exhibit 2).  Briefing in that case continues and should be completed in a reasonable amount of time.  In contrast, this case is at the initial stages.  Plaintiff filed an amended complaint on December 17, 2014; plaintiffs have still not properly served any of the individual defendants; and briefing on the merits has not begun.  Hence, the proceedings in CalRifle are closer to reaching a final decision on the merits than proceedings in the instant case, and there is no reason to expect that CalRifle will not be resolved expeditiously.  See Lindell v. Synthes, USA, No. 1:11-cv-2053, 2012 WL 1657197, *3 (E.D. Cal. May 10, 2012) (granting stay

where "the parties are in the initial stages of the lawsuit," and noting that courts "may also consider the stage in litigation" in determining whether to grant a stay).

Federal Rule of Civil Procedure 1 directs that the Federal Rules should be constructed "to secure the just, speedy, and inexpensive determination of every action." It would serve the interests of judicial efficiency and economy to avoid having two cases involving the same legal question proceed on parallel tracks in the same Circuit.[3] See N. River Ins. Co. v. Leffingwell Ag Sales Co., No. CV-F-10-2007, 2011 WL 304579, *7 (E.D. Cal. Jan. 27, 2011) (finding a stay warranted where the court was "overburdened with in excess of 1,300 cases per authorized District Judge," the court would benefit from the resolution of overlapping factual issues in a separate state action, and the stay would likely be of a six month duration). A stay is therefore in order in this case.

Plaintiff's counsel has informed defendant's counsel that plaintiff opposes this motion.

## CONCLUSION

Defendant's motion to stay this case pending a final judicial decision in CalRifle, including any appeal, should therefore be granted.

DATED: January _, 2015   Respectfully submitted,

LAURA E. DUFFY
United States Attorney

DANIEL E. BUTCHER
Assistant United States Attorney

/s/ Lisa A. Olson
DIANE KELLEHER
LISA A. OLSON

Attorneys for Defendant

---

[3] There is even a question of whether plaintiff is in privity with the CalRifle plaintiff, which is a California firearms-related organization suing on behalf its members that manufacture, own, sell, or distribute the EP80. CalRifle Complaint ¶ 20. If plaintiff is in privity, then principles of collateral estoppel may apply.