Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| LYCURGAN, INC., a California corporation, d/b/a Ares Armor, | Case No.:14-cv-00548-JLS-BGS |
|---|---|
| Plaintiff, | PLAINTIFF'S LIMITED OPPOSITION TO DEFENDANT'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT. |
| vs. | |
| B. Todd Jones in his Official Capacity As Head of The BATFE, | |
| Defendant. | |

Plaintiff Lycurgan, Inc. opposes the motion for an extension and the reasons for one as so framed in paragraph five of the declaration of the Government's counsel:

* * *

" 4. The reason for this motion is that it would defeat the purpose of defendant's motion to stay to require defendant to respond to the Complaint before the Court rules on whether this case should be stayed. For defendant to respond to the complaint when this case may be stayed and may assume a different posture when any such stay is lifted would disserve the interests of judicial efficiency and economy. See Fed. R. Civ. P. 1. The requested extension is reasonable, will not prejudice the parties, and will not unduly delay this case.

5. If the Court grants defendant's motion to stay, then in accordance with the proposed order sent to chambers via electronic mail, and unless otherwise ordered by the Court, defendant will file a status report within 30 days of the final judicial decision in California Rifle & Pistol Association, Inc. v. Bureau of Alcohol, Tobacco,

Firearms, and Explosives ("ATF"), No. 1:14-cv-01211 (E.D. Cal.), including any appeal. For these reasons, defendant's motion for extension of time should be granted."

\* \* \*

[Docket 48, 49.]

In this case, the docket reflects that counsel has repeatedly extended the courtesy of a brief extension.

On January 21, 2015, following telephone discussions Government's counsel sent a proposed joint motion. Lycurgan agreed to the initial proposal that the Government made for the following relief, and intended to join in a motion for such relief as stated below:

> "Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, the parties hereby jointly move the Court to extend the time for defendant to respond to the complaint until ten days after the date the Court rules on Defendant's Motion to Stay Proceedings (ECF #46), which was filed on January 21, 2015. The reason for this motion is that it would defeat the purpose of the motion to stay to require defendant to respond to the complaint before the Court rules on that motion. Such an extension is reasonable, will not prejudice the parties, and will not unduly delay this case. For these reasons, the joint motion should be granted."

But, on January 23, 2015, the Government sent a new version with a "couple of revisions." The revisions, did not reflect Lycurgan's position regarding the merits of the Government's request for the stay, and suggested that the court would grant conditional relief pending resolution of the unrelated case *California Rifle & Pistol Association, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives* ("ATF"), No. 1:14-cv-01211 (E.D. Cal.). Lycurgan remains unopposed to the grant of a limited extension. However, any relief with respect to the stay motion must be tailored to the circumstances of this case and the evidence offered in support of or in opposition to the stay motion.

It is remarkable that the Government proposes in its ex-parte application an extension which would terminate "within 30 days of the final judicial decision in *California Rifle & Pistol Association, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF")*, No. 1:14-cv-01211 (E.D. Cal.), **including any appeal**." (**Emphasis added**.)

Although the motion for stay that the application refers to makes mention of the Supreme Court decision of *Landis v. N. Am. Co.*, 299 U.S. 248 (1936),[1] the application and the motion simply ignore the Supreme Court's delivery of its stinging rebuke to the district court for granting such an open ended stay:

> "We are satisfied that the limits of a fair discretion are exceeded in so far as the stay is to continue in effect after the decision by the District Court in the suit against the Bond and Share Company, and until the determination by this court of any appeal therefrom. Already the proceedings in the District Court have continued more than a year. With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by before this court will be able to pass upon the Act. Whether the stay would have been proper if more narrowly confined will be considered later on. For the moment we fix the uttermost limit as the date of the first decision in the suit selected as a test, laying to one side the question whether it should even go so far. How the District Court in New York will decide the issues in that case is not to be predicted now. The Act may be held valid altogether, or valid in parts and invalid in others, or void in its entirety. Whatever the decision, the respondents are to be stayed by the terms of the challenged order until this court has had its say. They are not even at liberty, in case of an adjudication of partial invalidity, to bring themselves within the class adjudged to be exempt, though their membership in such a class may be uncertain or contested. Relief so drastic and unusual overpasses the limits of any reasonable need, at least upon the showing made when the motion was submitted."

---

[1] Memo., Doc. 46-1, page 2.

*Landis v. N. Am. Co.*, 299 U.S. 248, 256-257 (U.S. 1936)

It is paradoxical that here, where Plaintiff Lycurgan alleges that Government agents ransacked and vandalized the premises searched, seized hundreds of thousands of dollars of valuable merchandise which is not contraband, pilfered some portion of it, and challenges the reasoning of the ATF in concluding that the merchandise satisfies the definition of a firearm – the Government suggest that another limited case should be the benchmark to determine the questions in this case.

It is even more thought provoking that according to the Government: the plaintiff in the case that the Government proposes be the lead case in the dialog *lacks standing*. Yes. The Government itself argues "CalRifle" lacks standing to raise the questions that Plaintiff Lycurgan raises in its case. [Memo on MSJ, pg. 2, 17-19, ECF 46-3.] The same lawyer that proposes the stay wrote that CalRifle lacks standing to challenge the ATF determinations.

Indeed, as a basis for the motion to stay, the Government posits in a footnote that:

> "There is even a question of whether plaintiff is in privity with the CalRifle plaintiff, which is a California firearms-related organization suing on behalf its members that manufacture, own, sell, or distribute the EP80. CalRifle Complaint ¶ 20. If plaintiff is in privity, then principles of collateral estoppel may apply."

[Memo., p. 4, ECF 46-1.]

But, rather than tossing out a suggestion of privity in a motion with such grave potential consequences – shouldn't the proponent of the stay provide some evidence or law?[2]

Moreover, in the motion to stay, the Government takes Plaintiff Lycurgan to

---

[2] There is no privity between California Rifle and Pistol Association and Plaintiff Lycurgan. None. And absent some basis for making such a wild assertion, the Government should not have even typed the words "privity" in such motion. Even if the theory was relegated only to a footnote.

task for not having "properly served" the individual defendants. [Memo, p. 3, ECF 46-1.] But, the Government has not identified the unknown-named defendants or proposed a stipulation to accept service on their behalf.

Thus, the relief proposed by the ex-parte application is overly expansive and does not suggest that the Court fashion a stay based on the unique circumstances of the case at bar – following a hearing on the motion to stay. The application lacks even a whisper of a suggestion that the Court weigh the prejudice that Lycurgan would suffer if the case were stayed. It just proposes a stay pending resolution of any appeal, ex-parte.

## Conclusion

Civility is important. Counsel should accommodate one another's schedule where possible so that lawyers in the practice can live a healthy lifestyle, participate in family events, and organize their workload so that each case receives its own fair measure of attention. Lycurgan and its counsel are acutely aware of the demands that a busy law practice imposes on its practitioners and have not resisted reasonable – if not downright ambitious – requests for extensions from the Government's lawyers. But the Government mixes a request for extension with something far more drastic.

Plaintiff does not oppose a grant of an extension to respond to the First Amended Complaint to allow the response within ten days after the Court rules on the motion to stay. That was what was originally proposed by the Government.

Respectfully submitted,

The McMillan Law Firm, APC

Dated: January 28, 2015

/s/ Scott A. McMillan

_____

Scott A. McMillan
Attorneys for Lycurgan, Inc.
Plaintiff

# CERTIFICATE OF SERVICE

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 4670 Nebo Drive, Suite 200, La Mesa, CA 91941-5230

I am not a party to the above-entitled action. I have caused service of:

PLAINTIFF'S LIMITED OPPOSITION TO DEFENDANT'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT.

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Daniel Everett Butcher<br>U S Attorneys Office<br>Southern District of California<br>Criminal Division<br>880 Front Street<br>Room 6293<br>San Diego, CA 92101<br><br>(619)546-6730<br>Fax: (619)235-2757<br>Email: Daniel.Butcher@usdoj.gov | Alan Alexander Beck<br>4780 Governor Drive<br>San Diego, CA 92122<br><br>(619)971-0414<br>Email: ngord2000@yahoo.com |

DIANE KELLEHER
LISA A. OLSON
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7300
Washington, D.C. 20530

Tel: (202) 514-5633
Fax: (202) 616-8470
Email: Lisa.Olson@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 28, 2015

/s/ Scott A. McMillan

_____