FILED
JUN 22 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MPC        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC., a California corporation, d/b/a/ ARES AMOR,<br><br>Plaintiff,<br><br>v.<br><br>EARL GRIFFITH, an individual, UNKNOWN NAMED TECHNOLOGIST, an individual UNKNOWN NAMED AGENTS I-VII, individuals, and DOES 1-X, in their individual capacities,<br><br>Defendants. | Case No.: 14CV548-JLS-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO TAKE IMMEDIATE DISCOVERY OF PERSON(S) MOST KNOWLEDGEABLE AT THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES REGARDING IDENTITIES OF UNKNOWN NAMED DEFENDANTS**<br><br>**[Doc. No. 117]** |

Presently before the Court is plaintiff's *ex parte* Motion to Take Immediate Discovery From the Person(s) Most Knowledgeable at the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") Regarding the Identities of the Unknown Named Defendants in this case ("Motion"). [Doc. No. 117.] Also before the Court is defendants' Opposition to the Motion [Doc. No. 131] and plaintiff's Reply in Support of the Motion [Doc. Nos. 132-1; 134].

Specifically, plaintiff seeks to conduct immediate discovery by serving the Proposed Notice of Deposition and Request for Production of Documents "on the person(s) most knowledgeable at the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE or the Agency) prior to a conference of the parties required by Federal Rule of Civil Procedure 26(f) in order to learn the identities of Defendants (1) Unknown Named Technologist, (2) Unknown Named Agents I-VII, and (3) Does I-XI, in their individual capacities (the 'Unknown Named Defendants') and to serve them with process." [Doc. No. 117-3, at pp. 10, 34.] Plaintiff asserts that the information sought is necessary "in order to amend its pleadings to name the Unknown Named Defendants" and contends that he will "suffer undue prejudice without such discovery in the form of dismissals and delays from suit." *Id.* For the reasons provided below, the Court denies without prejudice plaintiff's Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2014, plaintiff filed a Complaint, seeking a declaratory judgment that its "EP Arms unfinished lower receiver is not a firearm," a temporary restraining order ("TRO"), and injunctive relief forbidding the BATFE from seizing plaintiff's unfinished lower receivers and customer list. [Doc. Nos. 1, 2.] The same day, the Court granted plaintiff's request for a TRO. [Doc. No. 4.] On March 14, 2014, the Court clarified that the TRO did not enjoin defendants from lawfully seizing evidence and contraband pursuant to a valid search warrant. [Doc. No. 6.]

After the issuance and execution of a search warrant in which BATFE agents seized property from four of plaintiff's facilities, plaintiff filed a First Amended Complaint ("FAC") on December 17, 2014, alleging First, Second, Fourth and Fifth Amendment violations. [Doc. No. 42.] Plaintiff brought its FAC against B. Todd Jones in his official capacity as Director of the BATFE. *Id.* The FAC also named the following individual defendants: Earl Griffith, Unknown Named Technologist, Unknown Named Agents I-VII, and Does I-X. *Id.* On November 19, 2015, the Court dismissed without prejudice plaintiff's first, fourth, eighth, and ninth claims against Defendant Jones under both Federal

2

14CV548-JLS-BGS

Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. No. 106.] On July 5, 2016, the Court issued an Order Directing Plaintiff to Either File a Second Amended Complaint or Face Involuntary Dismissal of Action for Failure to Prosecute noting that "[i]n the more than seven months since [the Court's Order at Doc. No. 106], Plaintiff has taken no further action in this case." [Doc. No. 108, at p. 1.] The Court cited Federal Rule of Civil Procedure 41(b) and gave plaintiff thirty (30) days to file a second amended complaint. *Id.* at p. 2.

On August 5, 2016, plaintiff filed a Second Amended Complaint ("SAC"). [Doc. No. 109.] Plaintiff brought its SAC against Earl Griffith, in his individual capacity, and the Unknown Named Defendants, in their individual capacities. *Id.* On February 28, 2017, defendants filed a Motion to Dismiss as to Mr. Griffith on the following grounds: (1) plaintiff cannot establish personal jurisdiction over Mr. Griffith; (2) plaintiff did not timely serve Mr. Griffith (citing Federal Rule of Civil Procedure 4(m)); (3) plaintiff's SAC does not state a plausible claim for relief against Mr. Griffith; and (4) Mr. Griffith is entitled to qualified immunity. [Doc. No. 115-1.] On May 30, 2017, defendants also filed a Motion to Dismiss Unknown Named Defendants under Federal Rule of Civil Procedure 4(m) and 12(b)(5), contending that the Rule 4(m) deadline expired in this case more than two years ago, and plaintiff has neither applied for nor obtained an extension. [Doc. No. 126-1.] Both of defendants' Motions to Dismiss are currently pending before Judge Sammartino.

## II. LEGAL STANDARD FOR EXPEDITED DISCOVERY

Discovery is generally not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed.R.Civ.P. 26(d)(1). Courts in the Ninth Circuit generally grant requests for expedited discovery when the moving party shows good cause. *Semitool, Inc. v. Tokyo Elec. Am. Inc.*, 208 F.R.D. 273, 275-276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. [Citation omitted.] In determining whether there is good cause to allow expedited discovery to identify doe defendants, courts consider factors including whether: (1) the

plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible." *Columbia Ins. Co. v. seescand.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### III. DISCUSSION

#### A. Plaintiff's Argument

Plaintiff argues at length in the Motion about the facts which plaintiff establish good cause to take early discovery, including: (1) how the defendants are real persons subject to a lawsuit whom plaintiff has identified with specificity; (2) the steps taken to serve the Unknown Named Defendants; (3) the claims against the Unknown Named Defendants are not subject to dismissal; and (4) that plaintiff will likely identify the Unknown Named Defendants through what plaintiff contends is narrowly targeted discovery. [Doc. No. 117-3, at pp. 17-33.] Further, plaintiff's counsel contends in his Declaration attached to the Reply in Support of the Motion as follows:

> Plaintiff seeks narrowly tailored discovery to obtain the names of the Unknown Named Defendants who participated in a specific event: the raids on [p]laintiff's four facilities on March 15, 2014, as well as those individuals who were responsible for obtaining the search warrant and its supporting affidavit.
>
> The only step left in obtaining the names of the Unknown Named Defendants is to ask for their identities, to which the person(s) most knowledgeable at the Bureau of Alcohol, Tobacco, Firearms, and Explosives should have access. Good faith responses to the proposed deposition topics and requests for production of documents should reveal the requested names and identities. The proposed subpoena to testify at a deposition in a civil action for the person most knowledgeable at the BATFE, and request for production of documents, is attached as Exhibit D [to McMillan's Declaration for Reply in Support of the Motion].

[Doc. No. 132-1, at p. 13.]

Plaintiff's initial proposal to conduct immediate discovery was to serve the Proposed Notice of Deposition and Request for Production of Documents on the person(s) most knowledgeable at the BATFE, which are attached to the Motion as Exhibit G. [Doc. No. 117-3, at p. 34.] However, in the Reply, plaintiff changed its proposed method of obtaining the discovery sought in response to an argument made by the defendant detailed below. [Doc. No. 132-1, at p. 8; *see also* Doc. No. 131, at pp. 9-10]. Specifically, in the Reply, plaintiff "respectfully requests that the Court allow Plaintiff to substitute the proposed Notice of Deposition for a Rule 45 subpoena to the BATFE, attached as Exhibit D to Scott A. McMillan's supporting declaration." [Doc. No. 132-1, at p. 8.]

### *B. Defendants' Arguments*

Defendants make four general arguments in the Opposition to plaintiff's Motion. [Doc. No. 131, at pp. 4-10.] First, defendants assert that the Court should deny plaintiff's Motion until Judge Sammartino rules on defendants' pending Motion to Dismiss for failure to prosecute. [Doc. No. 131, at p. 4 (*See, e.g., Berlin Media Art v. Does* 1-654, Case. No. 11-03770, 2001 WL 36383080, at *4 (N.D. Cal. Oct. 18, 2011) (denying motion for expedited discovery into the identity of anonymous Doe defendants because "Plaintiff's motion of expedited discovery has failed to demonstrate that the complaint could withstand a motion to dismiss.").] Defendants contend that plaintiff "took no action in this case to identify and serve the Unknown [Named] Defendants for 2 ½ years after naming these Defendants in the FAC filed on December 17, 2014." [Doc. No. 131, at p. 4.] Defendants argue that plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 4(m), to identify and serve these defendants within 120 days, or show good cause for an extension. *Id.*

Second, defendants contend that if the pending Motion to Dismiss for Failure to Prosecute [Doc. No. 126] is granted, then the instant discovery Motion will be moot. [Doc. No. 131, at p. 5.] However, if the Motion to Dismiss is denied, then defendants contend

that a renewed meet and confer will be more productive than in the instant procedural posture. Defendants highlight that one of the objections raised in the meet and confer in connection with the instant Motion was "that the time for serving the Unknown [Named] Defendant[s] under Fed. R. Civ. P. 4(m) expired long ago." *Id.* (internal citation omitted). Defendants argue that the Court's ruling on this same issue in the pending Motion to Dismiss will inform this objection. *Id.*

Third, defendants argue that the scope of the discovery sought by plaintiff exceeds what is necessary to identify the Unknown Named Defendants. [Doc. No. 131, at p. 5.] Plaintiff's proposed Notice of Deposition would require production of multiple witnesses to testify about ten different topics. *Id.* at p. 6. Further, the proposed Notice of Deposition includes a "lengthy Request for Production of Documents with three pages of instructions and definitions, and fifteen Requests for Production of Documents." [Doc. No. 131, at p. 7 (internal citation omitted).] Specifically, defendants contend:

> [T]he discovery that Plaintiff actually seeks permission to conduct against ATF is not 'limited solely to discovery that would aid in identifying the Unknown Named Defendants,' as Plaintiff's Ex Parte Application represents. Instead, Plaintiff seeks discovery bearing on the merits of its case (*see especially* Request for Production Nos. 11-14), and expressly demands production of attorney-client communications (*see* Request for Production No. 12). The breadth of this discovery and the burden that it will impose on [BATFE] far exceeds what is necessary and proportionate to accomplish the limited purpose of identifying the Unknown Defendants.

*Id.* at p. 9 (internal citations omitted).

Finally, defendants contend that plaintiff's initial proposal of serving a Notice of Deposition and Request for Production of Documents on the person(s) most knowledgeable at the BATFE, attached as Exhibit G to the Motion "would have no legal effect" because

BATFE is not a party to this case.[1] [Doc. No. 131, at p. 9.] Defendants assert that a Rule 45 subpoena is required to obtain testimony and documents from third parties. *Id.* (internal citation omitted). In response to this argument, in the Reply, plaintiff requests that the Court allow plaintiff to substitute the proposed Noticed of Deposition for a Rule 45 subpoena to the BATFE, attached as Exhibit D to Scott A. McMillan's declaration. [Doc. No. 132-1, at p. 8.]

### C. Analysis

Based on a review of plaintiff's moving papers, it is apparent that it would be overly burdensome at this early stage of the litigation for defendants and/or third parties to be ordered to provide plaintiff with access to the information that plaintiff now seeks. Contrary to plaintiff's representations, the expedited discovery sought here is not narrowly tailored and seeks far more than the minimum amount needed to identify the Unknown Named Defendants.

For example, the proposed Notice of Deposition would require a witness to testify about topics that go well beyond the identity of the Unknown Named Defendants, including but not limited to the following: (1) the identities and contact information for all BATFE personnel responsible for forming the affidavit; (2) the identities and contact information for all BATFE personnel involved in advising on the legal grounds for the formation of the affidavit and search warrant; (3) the identities and contact information for all BATFE personnel who were custodians of plaintiff's inventory as described in the SAC ¶¶ 12, 63, 79-82, 134, 144, and 164, including but not limited to, business documents [SAC ¶ 80], contents of plaintiff's safe [SAC ¶ 81], 5,804 unfinished polymer lower receivers [SAC ¶ 82], plaintiff's "Rudius" unfinished pistol frames [SAC ¶ 134], plastic bins [*Id.*], and customer list [SAC ¶ 144]; (4) communications regarding the determination that 80% of unfinished AR-15 lower receivers were classified as a "firearm" as applied to plaintiff; and,

---

[1] BATFE was dismissed from this case on November 19, 2015 and is not a named defendant in the instant SAC. [Doc. Nos. 106, 109.]

(5) the identities and contact information for all custodians of all documents pertaining to the above-listed topics/requests [Doc. No. 131, at pp. 6-7]. Similarly, almost all of the fifteen requests for production of documents proposed by plaintiff are overbroad and go to the merits of the case. *Id.* at pp. 8-9 (*see, e.g.*, RFP No. 13 seeking "all documents relating to the search warrant" and RFP No. 14 seeking "all documents relating to the affidavit").

Plaintiff argues that "injustice would prevail if [p]laintiff's proposed Motion is denied, as [p]laintiff has no other recourse to proceed in this case than to take early discovery." [Doc. No. 132-1, at p. 7.] Further, plaintiff argues that its requests are "made so that it may determine the identities of the unknown, named defendants, as well as Does who should be added to the case based on the allegations and those individuals involved in the raid and events leading up to them." *Id.* at p. 8.

Notwithstanding plaintiff's argument, there is no suggestion that the time necessary to narrow the issues in the case through the currently pending Motions to Dismiss made pursuant to Federal Rule of Civil Procedure 12(b) will make it difficult or impossible for plaintiff to obtain access to the discovery he seeks in the normal course. In fact, the defendants have raised a legal challenge to plaintiff's SAC contending that the Federal Rule of Civil Procedure Rule 4(m) deadline expired more than two years ago, and plaintiff has neither applied for nor obtained an extension. [Doc. No. 126-1, at p. 2.] Therefore, the Court should first be given an opportunity to decide defendants' pending Motions to Dismiss, which appear to raise potentially valid legal challenges, before considering plaintiff's overarching discovery requests. If the Court denies the pending Motions to Dismiss, such rulings will necessitate renewed meet and confer sessions between the parties regarding the scope of necessary discovery. After discovery commences in the normal course, plaintiff will have an opportunity to serve subpoenas and written discovery

//
//
//
//

8

requests on defendants and third parties, and to then, if necessary, request leave to amend his SAC to add new parties that could not have been discovered earlier.[2]

Accordingly, under the circumstances presented, including the overbroad nature of plaintiffs' discovery demands and the procedural posture of the case, the Court finds that plaintiff has not established good cause for expedited discovery.

## IV. CONCLUSION

Based on the foregoing, the Court finds that plaintiff's Motion [Doc. No. 117] must be **DENIED** without prejudice. Plaintiff has not shown good cause for an order allowing him to proceed with discovery on an expedited basis.

**IT SO ORDERED.**

Dated: June 21, 2017

Hon. Karen S. Crawford
United States Magistrate Judge

---

[2] Under Federal Rule of Civil Procedure 15(a)(2), a complaint may be amended after responsive pleadings have been filed "with the court's Leave." Fed. R. Civ. P. 15(a)(2) "The Court should freely give leave when justice so requires." *Id.* Even after the Court enters a Scheduling Order under Federal Rule of Civil Procedure 16(b) and sets a deadline for amending the pleadings, the deadline can be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b). "Rule 16's 'good cause' standard focuses on the diligence of the party seeking amendment." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

9

14CV548-JLS-BGS