UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC., dba ARES ARMOR,<br><br>                                    Plaintiff,<br><br>v.<br><br>EARL GRIFFITH, an individual,<br>UNKNOWN NAMED<br>TECHNOLOGIST, an individual,<br>UNKNOWN NAMED AGENTS I-VII,<br>individuals, and DOES I-X, in<br>their individual capacities,<br><br>                                    Defendants. | Case No.: 14-CV-548 JLS (KSC)<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING AS MOOT PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>(ECF Nos. 126, 145) |

Presently before the Court is United States' Motion to Dismiss Second Unserved Defendants. ("MTD," ECF No. 126.) Also before the Court are Plaintiff Lycurgan, Inc.'s Response in Opposition to, ("Opp'n," ECF No. 148),[1] and United States' Reply in Support of, ("Reply," ECF No. 150), Defendants' MTD. Also before the Court is Plaintiff's Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Take

---

[1] Plaintiff moves the Court to substitute its revised response in opposition, (ECF No. 148-2), instead of its previously filed version, (ECF No. 144). (ECF No. 148.) Defendant does not appear to oppose this request. Good cause appearing, the Court **GRANTS** Plaintiff's motion. All references to Plaintiff's Opp'n will be to ECF No. 148-2. Additionally, pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

Early Discovery. ("Objection," ECF No. 145.)[2] The Court vacated a hearing for the pending motions pursuant to Civil Local Rule 7.1(d)(1) and took the matters under submission. (ECF No. 151.)  After considering the parties' arguments and the law, the Court **DENIES** Defendants' MTD and **DENIES AS MOOT** Plaintiff's Objection to Magistrate Judge's Order.

## BACKGROUND

Plaintiff Lycurgan, Inc. is a California corporation with its principal place of business in San Diego County, California. (Second Am. Compl. ("SAC"), ¶ 3, ECF No. 109.) Plaintiff sells "unfinished lower receivers," which are gun parts used by consumers to assemble their own AR-15 rifles. (*Id.*) On March 14, 2014 an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") submitted an affidavit and subsequently received a search warrant authorizing a search of Plaintiff Lycurgan's four locations in San Diego County. (SAC ¶ 69.) The following day ATF agents executed the search warrant. (*Id.* ¶ 74.) Defendant Unknown Named Agent I is the affiant on the affidavit supporting the search warrant; (*id.* ¶ 11) Defendant Unknown Named Technologist is an "FTB Enforcement Officer" whose statements supported the affidavit; (*id.* ¶ 10) Defendants Unknown Named Agents II through VII executed the search at the Ares Armor National City location; (*id.* ¶ 12) and Defendants Does I through X are ATF agents who executed search warrants at the other Ares Armor locations. (*Id.* ¶ 13) (collectively "Unknown Named Defendants.")

Plaintiff brings a *Bivens* action against the various Defendants for violation of its constitutional rights guaranteed under the First, Fourth, and Fifth Amendments. (*See generally id.*) Plaintiff named the Unknown Named Defendants for the first time in its First Amended Complaint ("FAC"), filed on December 17, 2014. (ECF No. 42.) The parties dispute whether Plaintiff effectively served the Unknown Named Defendants, but

---

[2] Plaintiff moves the Court to substitute a revised Objection (ECF No. 149-2) for a previously filed version (ECF No. 145). (ECF No. 149.) Defendant does not appear to oppose this request. Good cause appearing, the Court **GRANTS** Plaintiff's motion.

Plaintiff concedes it has not identified and served each Unknown Named Defendant. (MTD 2; Opp'n 8.) Plaintiff's purported substitute service consisted of mailing service to the U.S. Attorney General, the U.S. Attorney's Office for the Southern District of California, and to ATF. (Opp'n 22.) Plaintiff also filed an ex parte motion to take early discovery on April 5, 2017. (ECF No. 117.) The Magistrate Judge denied the request due to the pendency of the MTD currently before the Court. (ECF No. 140.)

## LEGAL STANDARD

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). When a court determines that service of process is insufficient, it has broad discretion to either dismiss the action without prejudice, or retain the case but quash the service of process. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also* 4B Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2017). A court should generally quash service of process instead of dismissing the action when there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. *Buzztime Entm't, Inc., v. Sony Computer Entm't Eur. Ltd*, No. 08-CV-0122 W (LSP), 2008 WL 11337017, at *1 (S.D. Cal. July 10, 2008) (citing 5B Wright & Miller, § 1354.348; and *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); and *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)).

## ANALYSIS

### I. Whether United States Is a Party to this Action

As a preliminary matter, Plaintiff argues that the United States is not a defendant in the case and therefore is not entitled to file on behalf of individual defendants. (Opp'n 14.) The United States responds that it has standing to advocate on it employees behalf, where the interests of the United States and its employees are aligned. (Reply 2 (citing *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 574 (3d Cir. 1980)).) Further,

the United States argues that Plaintiff brought the United States back into the case by moving for discovery. (*Id.*)

Plaintiff's argument lacks merit. 28 C.F.R. § 50.15 sets out the procedures by which the Department of Justice ("DOJ") undertakes representation of federal officers and employees in civil, criminal, and Congressional proceedings. Specifically, it authorizes the DOJ to represent employees—sued in their individual capacity—as long as the individual's action is within the scope of his or her employment and the Attorney General or his designee determines that representation would be in the interest of the United States. *Id.* § 50.15(a). Plaintiff does not point to any defect in the underlying regulations or give any reason why they should not apply here. The Court finds the United States has standing to advocate for federal officials and employees sued in their individual capacity, including the Unknown Defendants in this case.

## II.  Whether Plaintiff's "Substituted Service" Was Effective

Both Plaintiff and Defendants agree that at the time of filing Plaintiff's FAC Rule 4(m) provided for 120 days rather than the current 90 days to serve a defendant. (Opp'n 15; MTD 3 n.1; *see also* Fed. R. Civ. P. 4(m) (2014).) Plaintiff's FAC was filed on December 17, 2014; the deadline for service was April 12, 2015. (MTD 4.) Plaintiff argues that it completed substitute service by sending summons to the locations most likely to provide the Unknown Named Defendants with notice. (Opp'n 20–22.) Plaintiff points to Federal Rule of Civil Procedure 4(e) which generally allows for service by any method authorized by state law or by delivering a copy of the summons to an authorized agent. Fed. R. Civ. P. 4(e)(1), (2)(C). California state law authorizes substitute service to a person's usual place of business or to a person apparently in charge of his or her office or place of business. Cal. Code Civ. Proc. § 415.20(b). Plaintiff mailed service to three government locations. (Opp'n 22.) Plaintiff argues that this substitute service mirrors the

requirements of California law.[3] (Opp'n 21.) Alternatively, Rule 4(e)(2)(C) allows service to an agent authorized to receive service of process. Fed R. Civ. P. 4(e)(2)(C). Thus, Plaintiff suggests that the locations it sent service to were authorized agents.

In order to sue a federal official or employee in her individual capacity Rule 4(i)(3) requires a party to "serve the United States and also serve the officer or employee." Fed. R. Civ. Pro. 4(i)(3). When a federal employee is sued in an individual capacity, service of the United States or its agency alone is not sufficient; the official must be dismissed from the action unless she is also served in her individual capacity. *Rosales v. Dutschke*, No. 15-cv-01145-KJM-KJN, 2016 WL 1756962, at *2 (E.D. Cal. May 3, 2016) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982)). Here, Plaintiff mailed service to three different locations—the U.S. Attorney General in Washington, D.C.; the U.S. Attorney's Office in San Diego; and Earl Griffith care of the ATF office in West Virginia—on February 17, 2015. (ECF No.144-1, Ex. E.) Plaintiff executed proof of service on March 6, 2015. (Opp'n 12.) Plaintiff's service on the U.S. Attorney General and the U.S. Attorney's Office for the Southern District of California meets the requirements of Rule 4(i)(1)(A) and 4(i)(1)(B). Plaintiff did not serve any individual defendant (other than Mr. Griffith)[4]—it only served the United States. Therefore, Plaintiff's February 17, 2015 attempted service fails Rule 4(i)(3).

On October 21, 2016, Plaintiff attempted service on Unknown Named Defendants by mailing eight separate summons to ATF Headquarters in Washington, D.C. (*See*

---

[3] Additionally, Plaintiff claims that it received permission from Assistant U.S. Attorney Daniel Butcher to serve one copy of the Complaint on him. (Opp'n 22; *see also* ECF No. 144-1, Ex. M.) The United States argues that any reliance on AUSA Butcher's response as accepting service on behalf of the individual defendants is misplaced. (Reply 5.) The Court agrees. Plaintiff's counsel emailed AUSA Butcher and asked "With respect to the service on the AUSA, do we have to print out eight separate complaints?" (ECF No. 144-1, at 121.) By writing "service on the AUSA," Plaintiff's counsel implies he was referring only to service on the government and not the individual defendants. Regardless, the burden is on the Plaintiff to demonstrate that service was proper, *see Brockmeyer*, 383 F.3d at 801, and the Court declines to assume AUSA Butcher's reply was anything other than accepting service for the U.S. Attorney's Office.

[4] Plaintiff's complaint as to Mr. Griffith was dismissed by the Court for lack of personal jurisdiction. (ECF No. 152.)

*generally* ECF Nos. 111-1 to 111-10.) The service was returned executed on November 3, 2016. (ECF No. 111.) Assuming, *arguendo*, that mailing summons to unnamed defendants meets Rule 4(i)(3), Defendant correctly notes that Plaintiff's attempted service of the Unknown Named Defendants was completed more than two and a half years after Plaintiff filed its FAC. (Reply 5.) The 120-day deadline for service was April 12, 2015 and the October 21, 2016 substitute service falls well outside the Rule 4(m) deadline.

In the interim between April 12, 2015 (the 120-day deadline for service under the FAC) and November 3, 2016 (when Plaintiff executed proof of service), Plaintiff filed its SAC on August 5, 2016. (ECF No. 109.) The filing of an amended complaint does not reset the 120-day service deadline unless the amended complaint adds a new defendant. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990). In *McGuckin*, the Ninth Circuit allowed service within 120 days of filing the amended complaint, but only because the plaintiff added the United States as a new defendant in the amended complaint. *Id.* Here, the Unknown Named Defendants were named in the FAC on December 17, 2014. (ECF No. 42.) Filing the SAC does not restart the service period for those Defendants. *See, e.g.*, *Thai v. United States*, No. 15-CV-583-WQH (NLS), 2016 WL 1585135, at *2 (S.D. Cal. Mar. 15, 2016); *Torres v. Colvin*, No. CV-13-2300-PHX-LOA, 2014 WL 2683296 (D. Ariz. June 13, 2014).

In sum, Plaintiff filed its FAC naming Unknown Named Defendants on December 17, 2014. It had until April 12, 2015 to serve those Defendants. The Court finds that Plaintiff's attempted substitute service on February 17, 2015 only gave notice to the United States and thus failed to meet the two-part requirement of Rule 4(i)(3). The filing of the SAC did not reset the service window because all Defendants were previously named in the FAC. Therefore, all actions taken after April 12, 2015 fall outside the 120-day service window and requires either good cause or the Court's discretion under Rule 4(m), to which the Court now turns.

/ / /

## III. Whether Good Cause Exists Under Rule 4(m) or Whether This Court Exercises Discretion Under Rule 4(m)

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the 120-day limitation. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Sheehan*, 253 F.3d at 512. At a minimum good cause means "excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). It also requires "attorneys to be diligent in prosecuting their cause of action;" i.e., something more than inadvertence or mistake of counsel. *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (quoting *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam)). Another court defined good cause as meaning "that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (quoting *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992)). Finally, the Ninth Circuit has applied a three-factor test for good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette*, 923 F.2d at 756 (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)). The Court considers Plaintiff's good cause and discretion arguments in turn.

### A.    Whether Good Cause Exists to Extend Service

Plaintiff advances several arguments why it was unable to properly serve the Unknown Named Defendants and thus why good cause exists under Rule 4(m). (Opp'n 16.)   Plaintiff places significant weight on its actions in a separate case, *Lycurgan v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 14-CV-1424 JLS (BGS) ("No. 14-1424"), in this Court and the "entire action [in No. 14-1424] was aimed solely at discerning the identities of the 'unserved' Defendants in this case." (Opp'n 19.) Defendant counters that Plaintiff's purpose in No. 14-1424 was not to uncover the identity of the Unknown Named Defendants, but rather to "challenge the legality of the search and seizure conducted by [ATF]." (Reply 6–7 (quoting No. 14-1424, ECF No. 1, at 1–2).) The Court agrees with Defendant. Plaintiff's Motion to Unseal in No. 14-1424 reveals that its purposes were: (1) "Examine the Search Warrant Documents to Challenge the Government's Forfeiture Proceeding;" (No. 14-1424, ECF No. 1, at 13) (2) to allow non-party Tyler Hughes to evaluate possible post-conviction relief; (*id.* at 14) and (3) to curb government misconduct. (*id.* at 15.) Nowhere in Plaintiff's No. 14-1424 Motion to Unseal or in its Reply Brief (No. 14-1424, ECF No. 9) does Plaintiff argue that it needs the identity of Unknown Named Defendants in order to pursue a *Bivens* claim.[5] It appears that the first time Plaintiff advanced such an argument was in its Opening Brief on appeal to the Ninth Circuit, filed July 14, 2015. (*See In re Ares Armor*, 687 Fed. Appx. 622, ECF No. 18-1, at 33.) From the time it filed its Motion to Unseal in No. 14-1424 until it appealed this Court's Order to the Ninth Circuit, Plaintiff's stated purpose did not include identifying Unknown Named Defendants.

Furthermore, Plaintiff pleaded that only two of the seven Unknown Named

---

[5] In fact, Plaintiff's requested alternative relief was for the Court to perform the redaction of the search warrant documents. (*See* ECF No. 1, at 21 ("Alternatively, it is respectfully requested that the Court order the government to promptly disclose a limited redacted version of the search warrant documents."); ECF No. 9, at 13). Had the Court granted the alternative relief and redacted the names of ATF Agents in the affidavit, as requested by Plaintiff, this would be at odds with the position it now advances in this case.

Defendants were in the affidavit. Specifically, Defendant Unknown Named Technologist allegedly made false statements to support the search warrant. (FAC ¶ 11; SAC ¶ 10.) Defendant Unknown Named Agent I was the affiant supporting the search warrant. (FAC ¶ 12; SAC ¶ 11.) The remaining five Defendants were the agents who participated in the actual search itself. (FAC ¶ 13; SAC ¶ 12.) Even if Plaintiff had been successful in unsealing the entire affidavit it still would need to identify Unknown Named Defendants II through VII.[6]

Plaintiff argues that it had no other means through which to obtain the identities of the Unknown Named Defendants except by court action. (Opp'n 19.) In principle, the Court agrees. The Ninth Circuit has held that "where the identity of the alleged defendant[][is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1990) (alterations in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Thus, Plaintiff's proper course of action was to request early discovery at the outset of this litigation. Plaintiff did pursue early discovery, but not until April 5, 2017 (Opp'n 23)—nearly two years after the Rule 4(m) 120-day deadline passed.

Good cause requires some excusable neglect. Plaintiff's actions or omissions fail to demonstrate excusable neglect. An attorney's ignorance or inadvertence is not an excuse. *See Townsel*, 820 F.3d at 320. Nor was Plaintiff prevented from serving Defendants by factors beyond its control. *See Chemehuevi Indian Tribe*, 181 F.R.D. at 440. Plaintiff failed to request early discovery within the 120-day window. Nothing prevented Plaintiff from doing so. Nor did any third party prevent Plaintiff from requesting discovery. Plaintiff's other excuses are equally unavailing. While there may be good cause for

---

[6] Furthermore, there is virtually no discussion of Doe Defendants I through X in Plaintiff's Opposition. (*See generally* Opp'n.) These Defendants do appear, for example, in Plaintiff's request for early discovery, (*see* ECF No. 117-3, at 2), but insofar as Plaintiff has taken no additional steps to identify Doe Defendants 1 through X the Court's findings apply to them with equal weight.

service that has been attempted but not completed, *id.*, Plaintiff's purported substitute service was inadequate because it only attempted service on the United States and not the individual defendants. *See supra* Section II. Further, the litigation in the companion case, No. 14-1424, did not raise the critical issue of identities of the Unknown Named Defendants until the case was on appeal.[7] In light of the foregoing, there is no good cause that requires the Court to extend time for service.

The Court arrives at the same conclusion applying the 3-part *Boudette* test. First, the United States does not concede that the Unknown Named Defendants have actual notice. (Reply 6.) Nor has Plaintiff established actual notice. Plaintiff conjectures that "it is highly unlikely the Unknown Named Defendants could be unaware of the potential suit against them." (Opp'n 24.) Plaintiff supports the conjecture with assumptions about the litigation, such as the ATF sealing the search warrant and affidavit "likely anticipating legal action related to those involved in the raid." (*Id.* at 25.) At best, Plaintiff shows that the United States and its agencies had notice of the lawsuit. However, the burden is on Plaintiff to show proper service, *see Brockmeyer*, 383 F.3d at 801, and there is no evidence of actual notice by the Unknown Named Defendants themselves. Second, the Defendants would suffer at least some prejudice because more than two years has passed since the deadline for service. *See infra* Section III.B (discussing prejudice to Defendants). Third, the Court agrees with Plaintiff that it would be severely prejudiced if the SAC is dismissed because the statute of limitations has run. *See infra* Section III.B (discussing statute of limitations bar). The severe prejudice to Plaintiff does not rebut the other factors to determine good cause and is instead a proper issue to determine whether this Court should grant discretion under Rule 4(m). Plaintiff's statute of limitations argument stems largely from Plaintiff waiting to file an early discovery request until April 5, 2017. Thus, Plaintiff cannot claim the benefit of severe prejudice when it was the

---

[7] Plaintiff also references, in its Procedural History, several Freedom of Information Act ("FOIA") requests to the ATF. (Opp'n 10.) Yet, a cursory review of Plaintiff's own documents reveals that none of the FOIA requests were targeted at uncovering the identity of Plaintiff's desired defendants. (ECF No. 144-1, at 12–14.)

cause of the prejudice. Accordingly, the Court finds there is no good cause to quash service of process.[8]

### B. Whether the Court Should Exercise Discretion Under Rule 4(m)

If there is no good cause, Rule 4(m) permits the district court to grant an extension to serve Defendants. The Ninth Circuit has declined to articulate a specific test for Rule 4(m) discretion. *Sheehan*, 253 F.3d at 512. In fact, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). A district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). The Court finds the *Efaw* framework persuasive and applies it here.

### 1. Statute of Limitations

Plaintiff argues that it would be severely prejudiced if the SAC is dismissed because the statute of limitations on its *Bivens* cause of action has run. (Opp'n 19.) In the Ninth Circuit the applicable statute of limitations for a *Bivens* claim is the state personal injury statute of limitations. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). In California the personal injury statute of limitations is two years. Cal. Code of Civ. Pro. § 335.1. Although state law determines the length of the statute of limitations, federal law determines when a claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (citation omitted). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Plaintiff concedes that the alleged violations occurred on March 15, 2014 and that

---

[8] Plaintiff also points to Rule 4(i)(4) as allowing a reasonable time to cure failure of service if a party has served either the United States Attorney or the Attorney General. (Opp'n 16.) This argument is incorrect. Rule 4(i)(4)(A) requires a time extension to serve an employee sued in her *official* capacity. This suit is only against Defendants in their individual capacity. Rule 4(i)(4)(B) requires a time extension to serve the United States, if the party has served the United States officer or employee first. The opposite is true here: the United States has been served but not the individual.

statute of limitations ran on March 15, 2016. (Opp'n 20.) The search warrant was executed on March 15, 2014, which is when Plaintiff would have reason to know of its injury. The Court agrees with Plaintiff that it would be prejudiced if the SAC is dismissed without prejudice. If the Court dismisses without prejudice then such an outcome is tantamount to dismissing the SAC with prejudice. The two-year statute of limitations ran on March 15, 2016. Plaintiff would suffer severe prejudice if the Court dismisses the SAC because the statute of limitations would bar refiling this action. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090–91 (9th Cir. 2003) ("[W]hen the statute of limitations would bar re-filing of the suit . . . . the advisory committee notes [to Rule 4(m)] explicitly contemplate that a district court might use its discretion to grant an extension. . . ." (citation omitted)). This factor weighs in Plaintiff's favor.

### 2. *Prejudice to Defendant*

The United States does not articulate a specific prejudice it would suffer if this case proceeds to an early discovery and then to the merits of the *Bivens* claim.[9] (*See generally* MTD; Reply.) The Court presumes there is at least some prejudice to Defendants. For example, memories of individual witnesses fade and employees leave employment. This litigation has lingered for almost three years without proper service or proceeding past the pleading stage. This factor weighs against exercising discretion.

### 3. *Actual Notice of Lawsuit*

As previously discussed, the Court finds that Plaintiff has not demonstrated that the Unknown Named Defendants have actual notice. *See supra* Section III.A (discussing actual notice of individual defendants). Clearly, the United States has notice through its responses filed in this case. However, actual notice to the United States does not

---

[9] The United States does cite, as exemplary of reasonable discretion, *Katz v. United States*, No. CIV. 09-00042HG-KSC, 2009 WL 3169120, at *4 (D. Haw. Sept. 28, 2009), where a pro se plaintiff's claim against unknown persons was dismissed only six months after the lapse of the 120-day service window. In *Katz*, however, the complaint was dismissed without prejudice and the plaintiff could file a new action if he discovered the identities of the defendants. *Id.* Here, the dismissal of the SAC will bar Plaintiff because of the statute of limitations.

automatically impute to Unknown Named Defendants. To date, no Unknown Named Defendant has been served. Plaintiff invites the Court to infer actual notice through all the actions taken by the United States in relation to this case. (Opp'n 24–26.) To do so would blur any distinction between the requirement in Rule 4(i)(3) to serve both the United States *and* the federal employee in her individual capacity. *See* Fed. R. Civ. P. 4(i)(3). Therefore, the Court does not find actual notice and this factor weighs against exercising discretion.

### 4. *Eventual Service*

After nearly two years of a dilatory approach, Plaintiff requested early discovery on April 5, 2017. (ECF No. 117.) Magistrate Judge Crawford denied Plaintiff's requested discovery largely, but not exclusively, on the grounds that this Court should address the present MTD as a predicate step to discovery. (ECF No. 140, at 8.) Plaintiff's belated request for early discovery demonstrates that it does in fact know the proper procedure to determine the identities of Unknown Named Defendants. *See Wakefield*, 177 F.3d at 1163. Yet, Plaintiff did not choose to do this in the more than two years since filing its FAC. This does not instill confidence that Plaintiff will diligently pursue this litigation; however, the Court notes that going forward a diligent plaintiff could request early, limited discovery, ascertain defendants' identities, complete service, and argue the merits. The Court finds that it is at least possible for eventual service to be completed. This factor weighs in favor of discretion.

There is a general preference for deciding cases on the merits rather than on procedural technicalities. *See, e.g.*, *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986). The dispositive issue for discretion here is the statute of limitations bar. If the Court were to dismiss without prejudice this case will be barred from refiling. Therefore, the Court finds that discretion is appropriate in this case. Accordingly, the Court **DENIES** Defendants' MTD. The Court will extend the time for service in accordance with time currently provided for under Rule 4(m). Given all the forgoing the Court will not, barring exceptional circumstances, be amenable to granting

further discretion to Plaintiff.

## IV.    Plaintiff's Objection to Magistrate Judge's Order

Plaintiff also objects to Magistrate Judge Crawford's Order Denying Early Discovery. (("Magistrate Order"), ECF No. 140.) A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard of review applies to factual findings and discretionary decisions made concerning nondispositive pretrial discovery. *See F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "clearly erroneous" is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (quotation marks omitted).

Here, Magistrate Judge Crawford's decision rested on the United States' Motion to Dismiss pending before this Court. (Magistrate Order 8.) Judge Crawford decided that the "[District] Court should first be given an opportunity to decide defendants' pending Motions to Dismiss, which appear to raise potentially valid legal challenges, before considering plaintiff's overarching discovery requests." (*Id.*) The Magistrate Order did not decide Plaintiff's *ex parte* Motion for Early Discovery on the merits. Instead, Judge Crawford made a discretionary choice to deny Plaintiff's motion in order to allow a decision on the predicate issue of improper service. Critically, the Magistrate Order did so *without prejudice* and there is no bar to Plaintiff refiling its discovery request. Therefore, the Magistrate Judge's decision was not clearly erroneous. Because Plaintiff can simply refile its early discovery request, the Court **DENIES AS MOOT** Plaintiff's Objection to the Magistrate Judge's Order Denying Early Discovery.

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' MTD. (ECF No. 126) and **DENIES AS MOOT** Plaintiff's Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Take Early Discovery. (ECF No. 145.) The Court **EXTENDS** the time for service <u>90 days from the date this Order is docketed</u>.

**IT IS SO ORDERED.**

Dated:  October 18, 2017

Hon. Janis L. Sammartino
United States District Judge