UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC., a California corporation, d/b/a ARES ARMOR,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EARL GRIFFITH, an individual, UNKNOWN NAMED TECHNOLOGIST, an individual, UNKNOWN NAMED AGENTS I-VII, individuals, and DOES I-X, in their individual capacities,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 14-CV-548 JLS (BGS)<br><br>**ORDER DENYING EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE UNKNOWN NAMED DEFENDANTS**<br><br>(ECF No. 158) |

Presently before the Court is Plaintiff Lycurgan Inc.'s Motion for Extension of Time to Serve the Unknown Named Defendants Pursuant to F.R.C.P. 4(m). ("MTN," ECF No. 158.) Plaintiff requests an additional sixty days in which to serve the Unknown Named Defendants. (*Id.* at 7.) The United States filed an Opposition, ("Opp'n," ECF No. 159), to the Motion.

Federal Rule of Civil Procedure 4(m) requires defendants to be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). A court must extend the time for service if a plaintiff shows good cause. *Id.* If plaintiff cannot show good cause then a court still has discretion to extend the time for service. *In re Sheehan*, 253 F.3d 507, 513

1  (9th Cir. 2001). At a minimum, good cause means "excusable neglect." *Id.* at 512.
2  Here, Plaintiff contends that good cause exists and, if it does not, the Court should
3  exercise its discretion to grant an extension of time to serve certain Defendants. (MTN
4  2.)

5   The Court briefly recounts the most recent litigation in this case. On May 30,
6  2017, the United States, on behalf of Unknown Named Defendants, moved to dismiss
7  Plaintiff's Complaint for failing to serve the Unknown Named Defendants within the
8  original time for service, (ECF No. 126). This Court denied Defendants' Motion to
9  Dismiss on October 18, 2017 and granted Plaintiff an additional ninety (90) days in
10 which to serve the Unknown Named Defendants. (ECF No. 153.) Plaintiff filed a
11 motion to take limited, immediate discovery on the same day the Order was published,
12 October 18th. (ECF No. 154.) Plaintiff states that from October 18, 2017 to November
13 17, 2017 the parties discussed the possibility of either settling the case or the Government
14 voluntarily providing the names of the individual Defendants. (MTN 3.) In reliance on
15 the discussions with the Government, Plaintiff withdrew its motion to take discovery on
16 October 19, 2017, one day after it was filed. (ECF No. 155.)

17   On November 17, 2017, counsel for both parties met and conferred in person.
18 (MTN 4.) Counsel for the United States, Mr. Butcher, proposed a joint motion where the
19 names of the individual defendants would be disclosed, but kept under seal. (*Id.*)
20 Plaintiff's counsel rejected this proposal. (*Id.*) While the discussions were ongoing,
21 Plaintiff's counsel represents that he was decisively engaged in various trials, hearings,
22 and brief writing on other cases. (*Id.*)

23   Plaintiff's counsel again reached out to the Government on December 20, 2017.
24 (*Id.*) Mr. Butcher responded that the Government's position remained the same as it was
25 on the November 17th meeting. (*Id.*) On December 22, 2017, Plaintiff re-filed its
26 motion for early discovery. (ECF No. 157.) On these facts, Plaintiff believes it will not
27 be able to prosecute its motion and serve Defendants by the deadline for service, January
28 16, 2018. (MTN 6.)

Plaintiff's request is not operating on a blank slate. In its Prior Order, the Court found that good cause to extend time for service did not exist because Plaintiff's actions or omissions failed to demonstrate excusable neglect. (*See* ECF No. 153, at 8–11.) Plaintiff waited nearly two years to pursue its previous early discovery request. (*Id.* at 9; *see also* ECF No. 117.) Instead, the Court exercised its discretion to extend Plaintiff's time for service. In doing so, the Court stated that it "will not, barring exceptional circumstances, be amenable to granting further discretion to Plaintiff." (ECF No. 153, at 13–14.)

Plaintiff's situation does not rise to any exceptional circumstances. In its prior order, the Court cited with approval the Ninth Circuit's standard for serving defendants of unknown identity: "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (*Id.* at 9 (quoting *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1990)).) Plaintiff initially pursued its discovery motion until it voluntarily withdrew the motion at the request of the Government. The Court cannot fault Plaintiff for engaging in negotiations with the Government; indeed, this fulfills the mandate for a speedy resolution to litigation. *See* Fed. R. Civ. P. 1.

That said, the Court made it eminently clear that it expected Plaintiff to diligently execute service within the time granted by the Court. Furthermore, the Court granted Plaintiff ninety days to complete service—this was above and beyond the original time to complete service as well as several intervening years where Plaintiff did not attempt early discovery. Plaintiff, instead, pursued litigation in other cases and unilaterally rejected an offer by the Government that would potentially allow this litigation to move forward to the merits of Plaintiff's claim.

/ / /

/ / /

1   The Court finds that Plaintiff's conduct since October 18, 2017 does not present
2   good cause and the Court declines to exercise its discretion. Therefore, the Court
3   **DENIES** Plaintiff's Ex Parte Motion for Extension of Time to Serve Unknown Named
4   Defendants, (ECF No. 158).

5   **IT IS SO ORDERED.**

6   Dated: January 8, 2018

Hon. Janis L. Sammartino
United States District Judge