# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC., a California corporation, d/b/a ARES ARMOR,<br><br>Plaintiff,<br><br>v.<br><br>EARL GRIFFITH, an individual, UNKNOWN NAMED TECHNOLOGIST, an individual, UNKNOWN NAMED AGENTS I-VII, individuals, and DOES I-X, in their individual capacities,<br><br>Defendants. | Case No.: 14-CV-548 JLS (KSC)<br><br>**ORDER DISMISSING CASE** |

On March 11, 2014, Plaintiff Lycurgan, Inc. filed a complaint before this Court. (ECF No. 1.) Initially, Plaintiff sued Mr. B. Todd Jones, the director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), in his official capacity. Plaintiff alleged that an anticipated ATF search of its businesses would violate its Fourth Amendment rights. The search occurred and mooted the original complaint. Plaintiff filed a First Amended Complaint on December 17, 2014, alleging the search violated its First, Second, Fourth, and Fifth Amendment rights. (ECF No. 42.) The amended Complaint added Mr. Earl Griffith, chief of ATF's Firearms Technology Branch, as a defendant, but

Plaintiff never properly served him. It also added as defendants unknown, fictitious ATF agents who executed the search against Plaintiff. On November 19, 2015, the Court dismissed all claims against Defendant Jones without prejudice. (ECF No. 106.)

On August 5, 2016, Plaintiff filed a Second Amended Complaint alleging constitutional violations against Mr. Griffith as well as the unnamed defendants, but did not name Mr. Jones. (ECF No. 109.) On November 3, 2016, Plaintiff filed proof of service as to the unnamed defendants, (ECF No. 111), and on December 7, 2016 filed proof of service as to Mr. Griffith, (ECF No. 112). The summons for the unnamed defendants were served on the U.S. Attorney General and ATF headquarters both located in Washington, D.C. (*See, e.g.*, ECF No. 111-1.) On May 30, 2017, the United States, on behalf of the unnamed defendants, moved to dismiss Plaintiff's Complaint for failing to serve the unnamed defendants within the original time for service, (ECF No. 126).

The Court granted Defendant Griffith's motion to dismiss for lack of personal jurisdiction on July 31, 2017, (ECF No. 152), but denied the United States of America's motion to dismiss for failure to serve on October 18, 2017, (ECF No. 153). The Court determined that, pursuant to Federal Rule of Civil Procedure 4(m), good cause did not exist to extend service, (*id.* at 8–11), but the Court exercised its discretion to extend time to serve the unknown defendants, (*id.* at 11–14). The Court expressed its concern that the statute of limitations would bar Plaintiff's claim if the Court were to dismiss the claims without prejudice. (*Id.* at 12.) The Court granted Plaintiff an additional ninety days in which to serve the unnamed defendants, (*id.* at 15), and even cited cases discussing how to take limited discovery of unknown defendants, (*id.* at 9 (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1990))).

Plaintiff filed a motion to take limited, immediate discovery on the same day the order was published, October 18, 2017. (ECF No. 154.) Plaintiff withdrew its motion to take discovery on October 19, 2017, one day after it was filed. (ECF No. 155.) During this time, the parties negotiated how to identify and serve the unnamed defendants. On December 22, 2017, Plaintiff filed a renewed *ex parte* motion for discovery, (ECF No.

157), and on December 27, 2017 Plaintiff filed an *ex parte* motion for extension of time to Serve, (ECF No. 158).

In response to the motion for extension of time to serve, this Court declined to exercise its discretion to extend, for a second time, the time to serve. (ECF No. 160.) Subsequently, on January 16, 2018, Magistrate Judge Karen S. Crawford denied as moot Plaintiff's discovery motion because Plaintiff could not conduct discovery and serve the unnamed defendants in enough time to meet the January 16, 2018 deadline for service. (ECF No. 162.) On May 25, 2018, the Court issued an order to show cause why this case should not be dismissed for failure to serve. (ECF No. 163.)

Plaintiff filed a response to the order stating that it has no independent means to obtain the identities of the unknown defendants. (ECF No. 164, at 1.) Plaintiff further states that unless the Court extends time for service, the Court accepts proof of service filed in November 2016, (ECF No. 111), or the United States accepts service on behalf of the unnamed defendants, then it cannot comply with the Court's order. (*Id.* at 1–2.)

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with" Federal Rule of Civil Procedure 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (quoting *Travelers Cas. & Sur. Co. of Am. v. Brenneke,* 551 F.3d 1132, 1135 (9th Cir. 2009)). Here, Plaintiff has not served the individual unnamed defendants; instead, it mailed service to the U.S. Attorney General and ATF headquarters in hopes that the United States would accept service on behalf of the unnamed defendants. The United States did not do so and instead filed a motion to dismiss. Therefore, this Court lacked personal jurisdiction over the fictitious defendants and proceeds to the Rule 4(m) analysis. *See Crowley*, 734 F.3d at 975 ("The parties do not dispute that Crowley failed to serve Dr. Sussman; therefore, the district court lacked personal jurisdiction over Dr. Sussman and should have proceeded under Rule 4(m) to dismiss the complaint against Dr. Sussman without prejudice.").

Federal Rule of Civil Procedure Rule 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.

*Crowley*, 734 F.3d at 976 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

This Court has determined that good cause to extend time for service does not exist. (ECF No. 153, at 10–11.) Generally, the Court noted that several years had passed without proper service. (*See id.* at 9.) Instead, the Court exercised its discretion under Rule 4(m)'s second prong and extended the time to serve the unnamed defendants. *See Crowley*, 734 F.3d at 976; *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Instead of pursuing discovery, Plaintiff negotiated with the United States on how best to move forward. The United States offered to provide the names of the unnamed defendants, but required that the names be filed under seal to protect their safety. (*See* ECF No. 158-1, at 5–6 (describing negotiations).) When Plaintiff refused the United States' offer, it filed a new discovery request within a few weeks of the service deadline, (ECF No. 157), as well as a motion to extend time for service, (ECF No. 158). The Court denied the motion to extend time to serve, (ECF No. 160), and Magistrate Judge Crawford denied as moot the discovery request, (ECF No. 162). Because Plaintiff exhausted its ninety-day window without serving the unnamed defendants, the Court issued an order to show cause, constituting notice to Plaintiff under Rule 4(m).

There is no provision in the Federal Rules of Civil Procedure for fictitious Doe Defendants. *Warren v. Marcus*, 78 F. Supp. 3d 1228, 1239 (N.D. Cal. 2015) (citing *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970); and *Columbia*

*Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995)). However, the Ninth Circuit has instructed district courts to allow a plaintiff the opportunity through limited discovery to identify the unknown defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This Court permitted Plaintiff such an opportunity, but for reasons discussed above Plaintiff did not proceed with discovery. The Court declines to exercise its discretion to further extend the time for service. The Court finds that it does not have personal jurisdiction over the unnamed defendants, there is no provision in the Federal Rules of Civil Procedure to proceed against fictitious defendants without serving them, and Plaintiff has failed to meet the requirements of Rule 4(m).

In sum, the only named defendants in this action, B. Todd Jones and Earl Griffith, are no longer parties. The unnamed defendants have not been served in accordance with Rule 4. Accordingly, pursuant to Rule 4(m), the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety. The Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: June 18, 2018

Hon. Janis L. Sammartino
United States District Judge